**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE,

Plaintiff,

v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, AND ORGANIZATIONAL DOES 1-10,

Defendants.

Case No. 24-CV-07772 (JPO)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS THE COMPLAINT AGAINST THE COMBS DEFENDANTS**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

FACTS ALLEGED IN THE COMPLAINT ..... 2

STANDARD OF REVIEW ..... 2

ARGUMENT ..... 3

I. PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM ..... 3

II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ..... 5

III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ..... 7

IV. THE SEXUAL ASSAULT AND BATTERY CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE NO CONDUCT ATTRIBUTABLE TO THEM IS ALLEGED AND THEY CANNOT BE VICARIOUSY LIABLE FOR MR. COMBS' ALLEGED MISCONDUCT ..... 12

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AJ Energy LLC v. Woori Bank*,
No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) .......... 3, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) .......... 8

*B.L. v. Agarkar*,
82 Misc. 3d 846 (Sup. Ct. N.Y. Cnty. 2024) .......... 4

*Bardwil Indus. Inc. v. Kennedy*,
No. 19 CIV. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020) .......... 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3, 10

*Bensky v. Indyke*,
No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) .......... 6, 7

*Beter v. Baughman*,
No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570 (S.D.N.Y. Mar. 13, 2024) .......... 9

*Breest v. Haggis*,
180 A.D.3d 83 (1st Dep't 2019) .......... 5

*Delgado v. Donald J. Trump for President, Inc.*,
No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025), NYSCEF #127 .......... 9

*Doe v. Alsaud*,
12 F. Supp. 3d 674 (S.D.N.Y. 2014) .......... 10, 11

*Doe v. Combs*,
No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) .......... 6, 7

*Doe v. New York City Dep't of Educ.*,
No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) .......... 2, 11

*Doe v. Solebury Sch.*,
No. 21-cv-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022) .......... 11

*Dolatabadi v. Finley*,

    No. 150023/2023, 2023 WL 8895388 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) .......................... 5

*Eckhart v. Fox News Network LLC*,
No. 20-cv-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sep. 9, 2021) ....................................... 3

*Forest Park Pictures v. Universal Tel. Network, Inc.*,
683 F.3d 424 (2d Cir. 2012)........................................................................................................ 3

*Giunta v. Dingman*,
893 F.3d 73 (2d Cir. 2018)........................................................................................................... 2

*Hughes v. Twenty-First Century Fox, Inc.*,
304 F. Supp. 3d 429 (S.D.N.Y. 2018)......................................................................................... 5

*Jugmohan v. Zola*,
No. 98 CIV. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000) ................................. 4

*Mohamad v. Palestinian Auth.*,
566 U.S. 449 (2012)..................................................................................................................... 7

*N.X. v. Cabrini Med. Ctr.*,
97 N.Y.2d 247 (2002) ............................................................................................................... 11

*Nero v. Uphold HQ Inc.*,
688 F. Supp. 3d 134 (S.D.N.Y. 2023)......................................................................................... 4

*Nesbeth v. N.Y.C. Mgmt. LLC*,
No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019)....................................... 8

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
No. 12 Civ. 2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) .................................. 8

*O'Rear v. Diaz*,
No. 24 Civ. 1669 (PAE), 2025 WL 283169 (S.D.N.Y. Jan. 23, 2025)............................... 9, 10

*Roldan v. Lewis*,
20-CV-03580 (HG) (MMH), 2025 WL 676090 (E.D.N.Y. Mar. 3, 2025).......................... 6, 7

*Rossbach v. Montefiore Med. Ctr.*,
No. 19CV5758 (DLC), 2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ..................................... 3

*Swarna v. Al-Awadi*,
622 F.3d 123 (2d Cir. 2010)...................................................................................................... 11

**Statutes**

N.Y.C. Admin Code § 10-1102 ................................................................................................. 5

N.Y.C. Admin. Code § 10-1104 ............................................................................. 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2

Fed. R. Civ. P. 8(a)(2) .......... 8

This memorandum of law is respectfully submitted on behalf of defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") in support of their partial motion to dismiss the Complaint (ECF #1, the "Complaint" or "Compl.") with prejudice.

**PRELIMINARY STATEMENT**

Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. However, as to all but one of Plaintiff's claims against Mr. Combs, this case should not proceed beyond the pleading stage. The Company Defendants should be dismissed from this case entirely because Plaintiff fails to assert *any* claims upon which relief can be granted against them.

Plaintiff's claim under New York City's Gender Motivated Violence Law (the "GMVL") fails as to all Combs Defendants because it does not allege the required element of gender animus. Plaintiff does not allege facts sufficient to support a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated by Mr. Combs' hatred for his own gender. To the contrary, Plaintiff (falsely and maliciously) alleges that Mr. Combs has a long history of victimizing both men and women indiscriminately.

Even if Plaintiff had pled a GMVL claim against Mr. Combs (he has not), the GMVL claim against the Company Defendants necessarily fails. The GMVL only applied to natural persons, not entities, until it was amended in 2022. Plaintiff alleges he was assaulted in 2021. As courts throughout the Second Circuit have unanimously held, the GMVL cannot be retroactively applied

to company conduct pre-dating 2022. Moreover, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by any of them that could render them liable under the GMVL.

Plaintiff's second cause of action, for assault and battery, similarly fails as against the Company Defendants. The Company Defendants cannot be liable in this case under respondent superior because "[i]t is well-settled in the Second Circuit" that "sexual misconduct is ***necessarily*** outside the scope of employment," such that an employer cannot be liable for this conduct. *Doe v. New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023) (emphasis added).

For these reasons, Plaintiff's GMVL claim against the Combs Defendants should be dismissed and his assault and battery claim should be dismissed as against the Company Defendants.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff alleges that he "worked for Royal Reigns Management, a prestigious company based out of New York City[.]" Compl. ¶ 34. Plaintiff alleges that, in 2021, he attended a party in New York City at which he alleges he was sexually assaulted by Mr. Combs and other men. *Id.* ¶¶ 36-46.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). The complaint must, however, plead allegations that state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] While the Combs Defendants vehemently deny the allegations in the Complaint and will disprove them if the case proceeds to the merits, these allegations are taken as true solely for the purposes of this motion to dismiss.

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Tel. Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S., at 678). It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. A court "is not required to credit conclusory allegations unsupported by facts . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020) (internal citation omitted)

## ARGUMENT

### I. PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM

To plead a claim under the GMVL, "a plaintiff must plead that (1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; ***(3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender***; and (5) resulted in injury." *Eckhart v. Fox News Network LLC*, No. 20-cv-5593 (RA), 2021 WL 4124616, at *25 (S.D.N.Y. Sep. 9, 2021), *on reconsideration in part,* No. 20-cv-5593 (RA), 2022 WL 4579121 (S.D.N.Y. Sep. 29, 2022) (emphasis added).

Plaintiff has failed to allege that the alleged misconduct was perpetrated "because of plaintiff's gender" and "in part because of an animus against plaintiff's gender." *Id*. "Generally, the animus element requires the plaintiff to present extrinsic evidence of the defendant's expressed hatred toward women as a group or allege specific actions and statements by the perpetrator during the commission of the alleged crime of violence." *Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 930710, at *10 (S.D.N.Y. Mar. 11, 2021).

We are aware of no cases in which a GMVL claim was sustained based on allegations that a man was motivated by animus towards other men, nor is a sufficient basis for any such claim alleged here. Plaintiff does not allege that Mr. Combs targeted men in particular. To the contrary, the Complaint alleges (falsely and maliciously) that Mr. Combs has a "persistent and pervasive pattern of abuse toward women, men, and minors." Compl. ¶ 7; *see also id.* ¶¶ 12-19 (referring to multiple lawsuits by men and women alleging assault by Mr. Combs). In an attempt to address this obvious contradiction in his own pleading, Plaintiff nonsensically alleges that Mr. Combs' alleged history of indiscriminate abuse is evidence of a special hatred for each group:

> Combs' long history of violence against both women and men unequivocally establishes that his actions are motivated by gender. Combs has a profound contempt for women and a desire to dominate both minors and other men. His conduct shows a longstanding practice of denigrating, defeating and attempting to humiliate men, women and children. . . . But his actions are unequivocally motivated by the victims' particular gender and age.

Compl. ¶ 21. But it is logically inescapable that a purported animus against all genders is the same as an animus against no gender—they are all allegedly abused without prejudice. *See* "*Animus*," Merriam-Webster.com, https://www.merriam-webster.com/dictionary/animus (last visited Mar. 7, 2025) (defining animus as "a ***usually prejudiced*** and often spiteful or malevolent ill will") (emphasis added);[2] *cf. Jugmohan v. Zola*, No. 98 CIV. 1509 (DAB), 2000 WL 222186, at *4 (S.D.N.Y. Feb. 25, 2000) ("The fact that all previous victims of Defendant's unwanted sexual advances were women underscores Plaintiff's claim that Defendant was motivated by a gender animus towards women").

Furthermore, Plaintiff does not allege (except in utterly conclusory terms), as he must, that

[2] *See Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134, 139-40 (S.D.N.Y. 2023) ("When a term is not defined by statute, courts may 'look to its ordinary meaning found in contemporary dictionary definitions.'") (citation omitted); *B.L. v. Agarkar*, 82 Misc. 3d 846, 851 (Sup. Ct. N.Y. Cnty. 2024) (same).

this incident was motivated by a hatred towards men. Plaintiff does not plead that Mr. Combs said or did anything that indicated animus for his own gender. Thus, nothing about the alleged conduct indicates that Mr. Combs was allegedly motivated by animus against his own gender. *See Hughes v. Twenty-First Century Fox, Inc*., 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (even when presented with allegations of "egregious" conduct, "courts have dismissed GMV[L] claims based on the plaintiff's failure to state any facts showing that defendant's alleged acts demonstrated any hostility based on gender"); *Dolatabadi v. Finley*, No. 150023/2023, 2023 WL 8895388, at *2 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) (dismissing GMVL claim where no allegations "included actual language or specific details that would support the claim that the assault was motivated by an animus towards the male gender," and instead complaint contained only "a conclusory statement that the act was 'motivated by [plaintiff's] animus toward Defendant as a man"), *motion to reargue denied* 2024 WL 1158943 (Mar. 12, 2024).[3]

## II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

Plaintiff's GMVL claim against the Company Defendants necessarily fails as a matter of law because, at all relevant times alleged, the GMVL *did not apply* to corporate entities. In

---

3 In the context of alleged rape by a male against a female, the First Department has held that gender animus can be inferred from the nature of the act itself. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019). We are unaware of any cases extending this holding to a male-on-male assault, nor does the logic of this holding naturally so extend. While it may be reasonably inferable that a man who sexually assaults a woman thereby expresses an animus towards women, it does not necessarily follow that a man assaulting a man is doing so out of a self-loathing hatred of his own gender. Extending *Breest*'s holding to such cases is also at odds with the legislative purpose of the GMVL, which was to fill the "void left" by the Supreme Court's invalidation of the federal Violence Against Women Act. N.Y.C. Admin Code § 10-1102 (Declaration of legislative intent). The GMVL's declaration of intent emphasizes the particular prevalence and danger of violence against women. *Id.* (gender motivated violence is the "leading cause of injuries to women ages 15 to 44. . . . three out of four women will be the victim of a violent crime . . . 4,000,000 women a year are victims of domestic violence."); *see also Hughes*, 304 F. Supp. 3d, at 455 ("actions arising from the [GMVL] are ***invariably*** predicated on reprehensible conduct against female victims" (emphasis added). Thus, while a sexual assault by a man against a woman can be presumed to be the type of injury that the GMVL was designed to address even in the absence of other evidence of animus, the same presumption does not apply to a male-on-male assault.

asserting a GMVL claim against the Company Defendants, Plaintiff relies on the GMVL's recent (2022) amendment expanding liability to corporate entities, but that amendment is not retroactive. *See Roldan v. Lewis*, 20-CV-03580 (HG) (MMH), 2025 WL 676090, at *13 (E.D.N.Y. Mar. 3, 2025) ("The Amended GMV[L] create[d] a new substantive cause of action—enabling liability—which did not exist [before 2022]" and "that new strand of liability does not reach back to retroactively make such conduct illegal with respect to [companies]."); *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024) (holding that GMVL cannot be applied retroactively to alleged company conduct pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022).

As originally enacted in 2000, the GMVL provided a cause of action against only the ***individual*** who perpetrated a gender-motivated crime of violence. The City Council's 2022 amendment to the statute expanded liability to any "***party*** who commits, ***directs, enables, participates in, or conspires*** in the commission of a crime of violence motivated by gender . . . ." N.Y.C. Admin. Code § 10-1104 (emphases added). This legislative history was described by Judge Clarke in a recent opinion involving claims against Mr. Combs:

> Prior to the 2022 amendment, the VGMVPL provided: "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender ... has a cause of action against such individual in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (2000) (previously codified at § 8-904) (the "2000 VGMVPL") (emphases added). In 2022, the VGMVPL was amended to provide a civil cause of action against "any person claiming to be injured by a party who commits, *directs, enables, participates in, or conspires in the commission of* a crime of violence motivated by gender has a cause of action against such party in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (the "2022 VGMVPL") (emphases added). The 2022 VGMVPL therefore appears to expand the scope of liability: whereas the 2000 VGMVPL applied to any "individual," the 2022 VGMVPL applies to any "party." And while the 2000 VGMVPL only included those who "commit[ed]" an action—the 2022 VGMVPL additionally includes those who "direct[ ], enable[ ], participate[ ] in, or conspire[ ] in" an action.

*Combs*, 2024 WL 4987044 at *2 (emphases in original).

The Company Defendants could not have been held liable for any conduct under the original GMVL because they are not "individuals." *See id*. (holding that "individual" under the original GMVL is "a single person, as opposed to a group or institution" and therefore cannot apply to "corporations"); *see also Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454–57 (2012) (explaining that the ordinary meaning of "individual" refers to "a natural person" as opposed to "a corporation").

The City Council's 2022 amendment to the GMVL expanded liability beyond individuals and their direct conduct, potentially reaching any type of party who "directs, enables, participates in, or conspires in" a GMVL violation. N.Y.C. Admin. Code § 10-1104. However, the courts addressing this amendment have unanimously found that it cannot be applied retroactively to conduct pre-dating 2022. *See Roldan*, 2025 WL 676090 at *13 (dismissing GMVL claim with prejudice because the GMVL "does not provide for retroactive liability against one who 'enabled' a crime of violence") (citation omitted); *Combs*, 2024 WL 4987044 at *4 ("the Court has concluded the 2022 VGMVPL is not retroactive"); *Bensky*, 2024 WL 3676819 at *9 (same conclusion).

Because all the alleged underlying conduct in the Complaint transpired in 2021, before the 2022 amendment expanding liability to corporate entities, the GMVL claims against the Company Defendants must be dismissed.

## III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

Even if the GMVL could be applied retroactively to the Company Defendants (it cannot), the Complaint does not allege a GMVL claim against them. The GMVL creates indirect liability

against a party only where it "directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. No such allegation is made against any of the Company Defendants, let alone all of them.

As an initial matter, the Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. This failure to distinguish between any of the Company Defendants alone warrants dismissal of the claims against them. Under Federal Civil Rule of Procedure Rule 8(a)(2), a complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Accordingly, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 Fed Appx 19 (2d Cir. 2013). A complaint may not simply "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 F. App'x at 34; *accord Nesbeth v. N.Y.C. Mgmt. LLC*, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019). Accordingly, where, as here, "not a single allegation specifies which defendant engaged in what misconduct," dismissal for impermissible group pleading is warranted. *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Even apart from its impermissible group pleading, none of the allegations in the Complaint can make out a GMVL claim against any of the Company Defendants. At most, the Complaint alleges in entirely conclusory manner that 1) all Company Defendants should have known of Mr. Combs' propensity for sexual assault and have taken measures to restrain him; and 2) that Mr. Combs used his positions at all Company Defendants in some unspecified way to commit assaults.

*See* Compl. ¶¶ 51-54. None of these allegations give rise to a plausible inference that any of the Corporate Defendants "commit[ted], direct[ed], enable[d], participate[d] in, or otherwise conspire[d]" to commit a sexual assault. N.Y.C. Admin. Code § 10-1104; *O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against entities because "as pled, the corporate defendants did not do anything to commit, direct, enable, participate in, or conspire in the commission" of alleged sexual assault) (cleaned up); *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025), NYSCEF #127 at 4[4] (granting motion to dismiss GMVL claim against entity defendant because "[t]he extent of allegation that [entity] enabled the violations of the [GMVL] [we]re a simple conclusory statement that [the entity] so enabled [the alleged violence], and another statement that . . . [the entity] 'provided the means whereby [individual defendant] would be a supervisor of plaintiff in unsupervised contexts'"); *see also*, *e.g.*, *Beter v. Baughman*, No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570, at *11, 13–14 (S.D.N.Y. Mar. 13, 2024), *report and recommendation adopted,* No. 24-CV-79-GHW-RFT, 2024 WL 1329066 (S.D.N.Y. Mar. 28, 2024) (finding plaintiff failed to state claims for aiding and abetting sexual assault against defendant who allegedly "introduced" plaintiff to the accused assaulter, "did so knowing that" the accused assaulter "had a history of improperly touching women," because "[n]othing in the Complaint supports a conclusion that [defendant] knew that his conduct would help [the alleged assaulter] sexually assault Plaintiff or that [defendant] intended to help [the alleged assaulter] sexually assault Plaintiff").

Indeed, there is not a single allegation that any specific person associated with any of the Corporate Defendants (other than Mr. Combs) had any knowledge of the alleged assault at all. *See*

---

[4] A copy of this decision and order is attached as Exhibit A to the Declaration of Mark Cuccaro In Support of Partial Motions to Dismiss, dated March 11, 2025.

*O'Rear*, 2025 WL 283169 at *9 (dismissing GMVL claim against entities in absence of allegation that they "had foreknowledge of the crime").

Furthermore, Plaintiff's allegation that the Company Defendants could have prevented any alleged assault is not supported by a single factual allegation. Plaintiff does not allege any fact giving rise to the plausible inference that at the time of the alleged misconduct in 2021, any of the Corporate Defendants had knowledge of any purported propensities for misconduct. *See O'Rear*, 2025 WL 283169 at *9 (dismissing GMVL claim against entities in absence of allegation showing that company defendants had knowledge of individual perpetrator's "predilection to commit such a crime"). Instead, Plaintiff points to the mere fact of "other civil lawsuits" against Mr. Combs (Compl. ¶ 51), the earliest of which was filed in November 2023 (*id.* ¶ 12). Allegations in unsubstantiated lawsuits filed two years after the alleged incident do nothing to shore up an allegation that in 2021 any of the Corporate Defendants (let alone each of them) had any awareness of any purported propensity of misconduct. These allegations are nothing more than the sort of "formulaic recitation[s] of the elements" of the cause of action that courts routinely reject as insufficient. *Bell Atl. Corp.*, 550 U.S. at 555; *see also*, *e.g.*, *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (granting motion to dismiss negligent supervision and retention claim where the pleadings lacked any factual allegations that the defendant "knew or should have known" of the tortfeasor's alleged "predisposition for abusing women, his violent propensities, and his status as a sexual predator, yet did nothing to stop it").

The only other allegation against the Company Defendants—that Mr. Combs "used his titles and authority conferred by the Combs Business . . . to facilitate and perpetuate the violent assault on Plaintiff"—fares no better. Compl. ¶ 54. As an initial matter, this is an entirely conclusory statement that cannot be credited—it provides no explanation of how Mr. Combs'

affiliation with these entities was actually related to the alleged assault. *See AJ Energy LLC*, 2019 WL 4688629 at *3 (a court "is not required to credit conclusory allegations unsupported by facts"). Moreover, the allegation only relates to actions by *Mr. Combs* to abuse his positions of authority. It does not allege the kind of active participation by the Company Defendants that could subject them to liability under the GMVL.

Furthermore, to the extent that Plaintiff's unclear and unsupported allegations are construed as making a respondent superior claim against the Company Defendants, this claim would necessarily fail as a matter of law. Under New York law, an employer may be responsible for the acts of its employees "only if those acts were committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.,* 97 N.Y.2d 247, 251 (2002). Sexual misconduct "arise[s] from personal motives and do[es] not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010). Therefore, "[i]t is well-settled in the Second Circuit" that "sexual misconduct is ***necessarily*** outside the scope of employment." *Doe v. New York City Dep't of Educ*., 2023 WL 2574741 at *5 (emphasis added); *see also*, *e.g.*, *Doe v. Solebury Sch*., No. 21-cv-06792 (LLS), 2022 WL 1488173, at *3-4 (S.D.N.Y. May 11, 2022) (dismissing vicarious liability claim against employer related to sexual assaults); *Alsaud*, 12 F. Supp. 3d at 677 (S.D.N.Y. 2014) (dismissing respondeat superior claim against employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault"). Accordingly, such misconduct cannot be imputed to a corporate employer.

Because no conduct supporting a violation of the GMVL has been alleged against the Company Defendants, the claim against them must be also be dismissed on this independent ground.

## IV. THE SEXUAL ASSAULT AND BATTERY CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE NO CONDUCT ATTRIBUTABLE TO THEM IS ALLEGED AND THEY CANNOT BE VICARIOUSY LIABLE FOR MR. COMBS' ALLEGED MISCONDUCT

Just as the GMVL claim against the Company Defendants fails as a matter of law, the sexual assault and battery claim against them must fail because no factual or legal basis for holding them liable has been pled. As explained, *infra* § III, to the extent Plaintiff intends to make a respondent superior claim to hold them liable for the alleged misconduct of Mr. Combs, New York law forecloses such a theory.

Accordingly, Plaintiff's second cause of action against the Company Defendants fails.

## CONCLUSION

For the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Complaint in its entirety against the Company Defendants and the GMVL claim against all of the Combs Defendants.

Dated: March 11, 2025
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*

Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 3,964 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: March 11, 2025
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By: */s/ Mark Cuccaro*