UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

John Doe,

        *Plaintiff*,                      No. 1:24-cv-07772-JPO

     v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

        *Defendants*.

---------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO THE COMBS DEFENDANTS' MOTION TO DISMISS

                                              **CURIS LAW, PLLC**
                                              Antigone Curis
                                              52 Duane Street, 7th Floor
                                              New York, New York 10007

Plaintiff JOHN DOE ("Plaintiff"), by and through his undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants motion to dismiss Plaintiff's Complaint pursuant to § 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

Through his industry connections, Plaintiff was invited to a party hosted by Defendants Sean Combs and Bad Boy Entertainment. At that party, Plaintiff was drugged and then gang-raped by Combs and others. Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to dismiss Plaintiff's complaint (Dkt. 1) on four grounds. First, the Combs Defendants assert that Plaintiff has not alleged gender animus as required under the Victims of Gender-Motivated Violence Law ("GMVL"). Second, they assert that the GMVL does not apply to the Company Defendants in light of the date of the assault. Third, they assert that Plaintiff has not adequately alleged a GMVL claim against the Company Defendants in any event. Fourth, they contend that the Company Defendants cannot be liable for sexual assault and battery under a theory of vicarious liability. For all the reasons below, the Motion fails.

## FACTUAL BACKGROUND

Plaintiff was an employee for Royal Reigns Management, a prestigious company based out of New York City, with additional offices in Los Angeles and Atlanta. Through Plaintiff's industry connections, he gained access to parties affiliated with Combs as well as Bad Boy Entertainment.

One such gathering took place in or around October 2021. These connections of Plaintiff's ultimately led to a life-altering and traumatic experience.

A person associated with Combs' Businesses picked Plaintiff up from the airport and transported him to New York City, where a party was to take place. Upon arrival at the party, Plaintiff noticed several well-known artists in attendance. Plaintiff was immediately offered what he was told was ecstasy by associates of Combs' associates, which Plaintiff refused. Plaintiff limited himself to a single drink.

Even though Plaintiff only consumed one single alcoholic beverage, the effects of the drink were immediate and overwhelming. This effect on Plaintiff mimics a pattern of Combs and his agents/employees drugging unsuspecting victims in order to make it easier for Combs to sexually assault those persons. Unfortunately, Plaintiff was one such victim.

As Plaintiff began to feel disoriented, the room he was in began to spin. In a state of confusion, Plaintiff attempted to remove himself from the location. As Plaintiff attempted to flee the location, a male voice told him to "hold on," and he promised to help Plaintiff.

The next thing Plaintiff recalls was being in a bedroom. Despite being vaguely aware of his surroundings, Plaintiff was unable to move, speak, or fight back and resist any type of attack. Plaintiff was paralyzed, trapped inside his own body. Multiple men began to sexually assault Plaintiff, through sodomy and otherwise. Plaintiff distinctly recalls seeing Combs above him, naked, at one point during the brutal assault. During this time, Plaintiff was sodomized by at least three men. Plaintiff could feel a difference in size of the men when he was being sodomized, further confirmed the presence of multiple attackers.

Plaintiff continues to attend therapy sessions to address the trauma from the above experiences.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

**A.  Plaintiff Alleges The Required Gender Animus of a GMVL Claim**

Under the GMVA, a crime is "motivated by gender" if it involves "an animus based on the victim's gender" (NYC Admin. Code §10-1104). Courts have repeatedly held that sexual violence inherently demonstrates gender-based animus:

- *Breest v. Haggis* (180 AD3d 83, 94 [1st Dept. 2019]): "Without consent, sexual acts… are a violation of the victim's bodily autonomy and an expression of contempt for that autonomy. Animus inheres where consent is absent."
- *Engelman v. Rofe* (194 A.D.3d 26 [1st Dept. 2021]): Found gender-based animus in sexual assaults involving groping and coerced sexual acts.

Here, Plaintiff alleges acts of sexual violence—including molestation and coercion—that dehumanized him and disregarded his autonomy. Such acts clearly demonstrate gender-based animus, both on its face as well as within the aforementioned binding precedent.

Further, the GMVA does not require Plaintiff to show animus directed at an entire gender group. Individual instances of gender-based violence satisfy the animus requirement (*Cespedes v. Weil*, 2021 WL 495752 [Sup. Ct. 2021]). Moreover, under *Breest* and related case law, it does not matter that the conduct at issue here was male-on-male violence or that Combs has a history of assaulting both male and female victims. It is the absence of consent under *Breest* which is determinative. *Breest*, 180 A.D.3d at 94. Therefore, the Complaint should not be dismissed as the Plaintiff has sufficiently established gender animus.

**B.    The GMVL Should Apply to the Company Defendants**

As originally enacted, the GMVL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired.

The Company Defendants' arguments that the GMVL cannot apply here are contrary to the GMVL's primary intention: to make it easier for victims of gender-motivated violence to

seek civil remedies in court—not, as Defendants would have it, make it harder. New York City passed the GMVL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority under the Commerce Clause and the Fourteenth Amendment to pass such a remedy. *United States v. Morrison,* 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 NY Slip Op 30135[U], *3, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding GMVL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the GMVL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma. Not passing this Bill means we would be denying what it means to be fundamentally human and denying the research and the science that it takes some of us longer than other, not only to come forward, but to tell our story."), 131 ("I am here to tell you that a victim doesn't have a set time for when they came come forward. . .. Please pass the amendment to allow the window for justice to be pursued by all victims of gender-motivated violence." (emphasis added)). "Based on an analysis of statutory text and history" it is clear that "the legislative body intended [the GMVL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1.

**C.     Plaintiff's Allegations Against the Company Defendants Are Sufficient At This Stage**

As shown in section A(1) above, the expansive scope of GMVL's amendment indicates that it should apply retroactively to the Company Defendants. And, further, the Combs Defendants are incorrect that the Complaint does not allege sufficient facts indicating the company defendants' potential liability. When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

Here, the Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-7, 20, 24-29. The Complaint explicitly pleads that the party at issue was thrown by Defendant Bad Boy Entertainment. *Id.* ¶ 35. Further, the Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct.

Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse,

regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant." *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Complaint show a possibility that the Company Defendants may be liable for, at minimum, a failure to supervise. Defendants' motion must therefore be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety.

Dated: April 29, 2025

                                          Respectfully submitted,

                                         **CURIS LAW, PLLC**

                                         By: _/s/ Antigone Curis_

                                         **CURIS LAW, PLLC**
                                         Antigone Curis
                                         antigone@curislaw.com
                                         52 Duane Street, 7th Floor
                                         New York, New York 10007
                                         Phone: (646) 335-7220
                                         Facsimile: (315) 660-2610