UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JOHN DOE,

                Plaintiff,

                v.                Case No. 24-CV-07772 (JPO)

SEAN COMBS, DADDY'S HOUSE    **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT HOLDINGS,
INC., BAD BOY PRODUCTIONS HOLDINGS,
INC., BAD BOY BOOKS HOLDINGS, INC., BAD
BOY RECORDS LLC, BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, and ORGANIZATIONAL
DOES 1-10.

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS THE COMPLAINT AGAINST THE COMBS DEFENDANTS

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

## TABLE OF CONTENTS

                                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.     PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM ............................................................................. 1

II.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ............................................................ 3

III.   THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ............................................................................................... 6

IV.   THE SEXUAL ASSAULT AND BATTERY CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE NO CONDUCT ATTRIBUTABLE TO THEM IS ALLEGED AND THEY CANNOT BE VICARIOUSLY LIABLE FOR MR. COMBS' ALLEGED MISCONDUCT ................. 7

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Jenkins*,
   No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ............................. 3, 4

*Adorno v. Corr. Servs. Corp.*,
   312 F. Supp. 2d 505 (S.D.N.Y. 2004) ................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 6

*Bensky v. Indyke*,
   2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ........................................................................ 3

*Breest v. Haggis*,
   180 A.D.3d 83 (1st Dep't 2019) ........................................................................................... 1

*Cadiz-Jones v. Zambretti*,
   2002 WL 34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002) ................................................... 3, 4

*Cespedes v. Weil*,
   2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) ........................................................ 3

*Cronin v. Hertz Corp.*,
   818 F.2d 1064 (2d Cir. 1987) ............................................................................................... 8

*Delgado v. Donald J. Trump for President, Inc.*,
   No. 952333/2023, Dkt. # 127 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) ...................................... 7

*DiPizio v. Empire State Dev. Corp.*,
   745 Fed. App'x 385 (2d Cir. 2018) ...................................................................................... 6

*Doe v. Alsaud*,
   12 F. Supp. 3d 674 (S.D.N.Y. 2014) .................................................................................... 8

*Doe v. Combs*,
   2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ..................................................................... 3, 4

*Doe v. the Lee Strasberg Theatre & Film Institute*,
   2023 WL 8895417 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) ..................................................... 3

*Dolatabadi v. Finley*,
   2023 WL 8895388 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) ..................................................... 2

*E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*,
   118 F.4th 488 (2d Cir. 2024) .................................................................................................. 6

*Garcia v. Comprehensive Ctr., LLC*,
   2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) .......................................................................... 3

*Gottwald v. Sebert*,
   40 N.Y.3d 240 (2023) .............................................................................................................. 5

*Gross v. Weber*,
   186 F.3d 1089 (8th Cir. 1999) ................................................................................................. 5

*JL v. The Rockefeller University*,
   2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023) .......................................................... 3

*Landgraf v. USI Film Prods.*,
   511 U.S. 244 (1994) ................................................................................................................ 5

*Louis v. Niederhoffer*,
   2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ................................................................. 3, 4, 5

*O'Rear v. Diaz*,
   2025 WL 283169 (S.D.N.Y. Jan. 23, 2025) ............................................................................. 7

*Parker v. Alexander*,
   2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ............................................................................. 5

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
   35 N.Y.3d 332 (2020) .............................................................................................................. 6

*United States v. Morrison*,
   529 U.S. 598 (2000) ................................................................................................................ 5

**Statutes**

42 U.S.C. § 13981(c) ...................................................................................................................... 5

**Other Authorities**

N.Y.C. Admin. Code § 10-1104 ................................................................................................. 6, 7

Sen. Rep. No. 103-138 (1993) ........................................................................................................ 2

iii

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their partial motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in his opposition brief (ECF #60, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff fails to allege the required GMVL element of gender animus. The mere fact that an allegation involves sexual contact does not establish gender animus, and Plaintiff has failed to plead any words or actions evidencing such animus.

Plaintiff's claims against the Company Defendants necessarily fail because the GMVL only applied to natural persons, not entities, until it was amended in 2022, and it cannot be applied retroactively to Plaintiff's alleged assault in 2008. The unanimous case law addressing this specific question, as well as the general legal presumption against retroactivity, both compel this conclusion.

Plaintiff's claims against the Company Defendants fail for the additional reason that no basis for liability against them has been pled.

## ARGUMENT

**I.   PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM**

Plaintiff incorrectly argues that the "gender animus" element of a GMVL claim is automatically satisfied because he has alleged a sexual assault. Opp. at 4 (citing *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019)). However, *Breest*'s holding that gender animus can be inferred

---

[1]   Abbreviations defined in the initial moving brief (ECF # 51, "MOL") are used again herein.

1

when a male allegedly rapes a female should not be extended to male-on-male assaults. While it may be reasonably inferable that a man who sexually assaults women harbors animus towards women, it does not follow that same sex assaults are necessarily based on self-loathing hatred of the assailant's own gender. Moreover, the Complaint directly undermines the idea that animus can be inferred from the alleged assault because it (falsely) alleges that Mr. Combs has indiscriminately victimized both genders. *See* Compl. ¶ 50. The legislative history of VAWA (the stricken federal statute that the GMVL was intended to replace) supports the conclusion that assaults focused on ***one*** gender are uniquely indicative of animus. *See* Sen. Rep. No. 103-138 at 52 (1993) (stating that potential evidence of animus included "that the attacker had a long history of attacking persons of that sex, but not those of the opposite sex").

For this reason, Plaintiff must allege specific facts showing evidence of animus apart from the mere allegation of assault, and he has not done so. *See Dolatabadi v. Finley*, 2023 WL 8895388, at *2 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) (dismissing GMVL claim because the pleading only contained a "conclusory statement" with no "actual language or specific details that would support the claim that the assault was motivated by an animus towards the male gender"); *see also Garcia v. Comprehensive Ctr., LLC*, 2018 WL 3918180, at **1, 5 (S.D.N.Y. Aug. 16, 2018) (Oetken, J.) (holding that GMVL claim based on assault failed to allege gender animus despite defendant's alleged sexualized comments).[2]

---

[2] Plaintiff inaccurately cites *Cespedes v. Weil*, 2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) for the proposition that the "GMVA does not require Plaintiffs to show animus directed at an entire gender group." Opp. at 5. *Cespedes* does not say this. To the contrary, that court found that the male defendant's use of terms "bitch" and "whore" and history of violence towards other women supported the requisite "inference that he harbored an animus against women in general." *Cespedes,* 2021 WL 495752 at *6.

## II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

The Court should dismiss the claims against the Company Defendants because the GMVL did not provide for claims against companies at the time of the alleged assault in 2008. All courts addressing the issue have unanimously found that the GMVL does not apply retroactively to company conduct pre-dating 2022, when the GMVL was first amended to expand liability beyond the individual perpetrator. *See Doe v. Combs*, 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024); *Bensky v. Indyke*, 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024). This is consistent with related (and also unanimous) holdings that the GMVL as a whole cannot be retroactively applied to claims predating its original enactment in 2000.[3]

Plaintiff relies in vain on a single trial court case, *Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002), but this case did not find that the GMVL applies retroactively. *Cadiz-Jones* only found that a GMVL claim could be substituted for a timely claim made under the federal Violence Against Women Act ("VAWA"), after the VAWA statute was stricken by the Supreme Court and the GMVL was passed to "fill the gap" left by its obsolescence. *See Cadiz-Jones*, 2002 WL 34697795 (citing *United States v. Morrison*, 529 U.S. 598 (2000)). Thus, *Cadiz-Jones* skirted the issue of the GMVL's retroactivity, expressly exempting from its narrow holding whether the GMVL "should be applied to claims that were not pending when the VAWA was struck down." *Cadiz-Jones*, 2002 WL 34697795, at *1; *see also Adams v. Jenkins*, 2005 WL 6584554, at *1 (Sup. Ct. N.Y. Cnty. 2005) (holding that *Cadiz-Jones* "is carefully

---

[3] *See Louis v. Niederhoffer*, 2023 WL 8777015, at *1–2 (S.D.N.Y. Dec. 19, 2023) (holding that the GMVL could not be applied retroactively to conduct pre-dating its enactment); *Doe v. the Lee Strasberg Theatre & Film Institute*, 2023 WL 8895417, *2 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) (similar); *JL v. The Rockefeller University*, 2023 WL 3757389, *6 (Sup. Ct. N.Y. Cnty. May 25, 2023) (similar); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *3 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) (same).

3

tailored to the circumstances presented and consistent with [nonretroactivity], since in that case application of [the GMVL] . . . did not result in increasing [defendant's] liability for past conduct."); *Louis v. Niederhoffer*, 2023 WL 8777015, at *2 n.2 (S.D.N.Y. Dec. 19, 2023) (*Cadiz-Jones* "is not instructive" on retroactivity for the reason articulated in *Adams*).

Because his position is contradicted by the GMVL's text and the case law interpreting it, Plaintiff attempts to rely on legislative history, but this does not support his position either. As Judge Clarke correctly concluded after reviewing the GMVL's legislative history: "Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history [of the GMVL] regarding retroactive effect." *Doe v. Combs*, 2024 WL 4987044 at *3-4 (rejecting retroactive application of GMVL). If anything, Plaintiff's citations to the legislative history further support this conclusion. The isolated snippets of testimony that Plaintiff cites neither discuss nor imply any intention for the statute to apply retroactively. *See* Opp. at 6. Thus, Judge Clarke correctly found that there are not "any pronouncements in the legislative history regarding retroactive effect," and Plaintiff has not refuted that conclusion. *Combs*, 2024 WL 4987044 at *4.

Plaintiff also refers to legislative history stating that the GMVL was passed as a substitute for VAWA. But this does not support Plaintiff's argument. VAWA, like the GMVL, did not apply retroactively. *See Gross v. Weber*, 186 F.3d 1089, 1091 (8th Cir. 1999). And VAWA did not create a cause of action against anyone other than the perpetrator who directly "commits" the crime of violence. *See United States v. Morrison*, 529 U.S. 598, 605 (2000) ("A person . . . who commits a crime of violence motivated by gender . . . shall be liable to the party injured . . .") (quoting VAWA's operative provision at 42 U.S.C. § 13981(c)). Thus, the GMVL's historical ties to VAWA cannot be invoked to support broad retroactive liability against a class of defendants that VAWA never even included.

4

Finally, in the absence of any supportive authority, Plaintiff argues that all of the other courts have gotten this issue wrong on policy grounds. Plaintiff argues that the GMVL's 2022 amendment was intended "to make it easier, not harder" for victims to seek remedies in Court, and therefore should be applied retroactively. This is a non-sequitur. The GMVL's 2022 amendment does make it "easier" for plaintiffs to sue by expanding prospective liability to companies, and it further attempts to create a revival window.[4] It does not follow that the normal rules prohibiting retroactivity should be suspended to allow claims that did not exist at the time of the alleged conduct. *See Louis*, 2023 WL 8777015, at *1 ("The fact that the GMV Law was amended in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period . . . does not alter this conclusion [that the GMVL is not retroactive].").

Furthermore, the clearest policy consideration here cuts against retroactivity: the strong presumption that retroactivity is disfavored and should only be applied where clearly indicated by the legislature. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence"); *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) ("statutes will not be given such [retroactive] construction unless the language expressly or by necessary implication requires it"); *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488, 495 (2d Cir. 2024) (same); *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020) ("[i]t takes a clear expression of the legislative purpose . . . to justify a retroactive application").

---

[4] The GMVL's revival window is preempted by state law. *See Parker v. Alexander*, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025). But even if it were not, it still does not purport to create claims pre-dating the GMVL's enactment.

### III. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. Plaintiff does not attempt to refute that the Complaint lacks any allegation that the Company Defendants facilitated, or even knew of, the alleged assault. *See* MOL at 7-8, 9-10. Nor does Plaintiff deny that the Complaint lumps all of the Company Defendants together without pleading any specific acts attributable to specific defendants. *See* MOL at 8.

Plaintiff offers in response the conclusory statement that Mr. Combs "used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault." Opp. at 7. This argument fails because the Complaint does not allege any concrete facts indicating that any Company Defendant was involved in any way in the alleged assault. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *DiPizio v. Empire State Dev. Corp.*, 745 Fed. App'x 385 (2d Cir. 2018) (granting 12(b)(6) motion after "[s]tripping away the complaint's 'conclusory statements'—none of which are entitled to an assumption of truth'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The closest the Opposition comes to identifying any allegation of conduct by the Company Defendants is that 1) the party at which Plaintiff was allegedly assaulted was "associated with Combs and Bad Boy Entertainment" (Compl. ¶ 35); and 2) unspecified "Combs Businesses picked Plaintiff up from the airport and transported him to New York City, where the party was to take place" (*id.* ¶ 38.). But these vague allegations do not support a GMVL claim. Apart from the lack of any specific alleged corporate affiliation, Plaintiff does not allege that his unidentified chauffeur

6

knew or intended that anything improper would happen to Plaintiff at the party. In the absence of any indication that someone acting on the Company Defendants' behalf knew or intended that they were furthering an assault, the allegations do not support a GMVL claim. *See O'Rear v. Diaz*, 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against employer based on employee's alleged rape of another employee at the office following a company event because the employer did not have "foreknowledge of the crime" and "did not facilitate it").

Plaintiff also incorrectly suggests that the Company Defendants could be liable for negligent hiring or supervision. *See* Opp. at 8. But negligence is not a basis for holding a company liable under the GMVL, which requires active involvement by a party that "commits, directs, enables, participates in, or conspires in" the underlying crime of violence. N.Y.C. Admin. Code § 10-1104; *O'Rear*, 2025 WL 283169, at *8; *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023, Dkt. # 127 at 4 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) (rejecting allegation that entity defendant "enabled" a GMVL violation through its role in installing alleged assailant in a supervisory position).[5] Moreover, even if negligence sufficed (it does not), no facts have been pled that support such a finding: the alleged sexual assault of a non-employee off-premises was neither foreseeable nor preventable by the Company Defendants. *See* MOL at 10-11.

IV. **THE SEXUAL ASSAULT AND BATTERY CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE NO CONDUCT ATTRIBUTABLE TO THEM IS ALLEGED AND THEY CANNOT BE VICARIOUSLY LIABLE FOR MR. COMBS' ALLEGED MISCONDUCT**

Just as the GMVL claim against the Company Defendants fails as a matter of law, the sexual assault and battery claim against them must fail because no factual or legal basis for holding them liable has been pled. Plaintiff appears to concede that the alleged sexual assault falls outside the scope of the alleged perpetrator's employment. *See* Opp. at 8. Plaintiff's suggestion that the

---

[5] This case was previously attached as Cuccaro Decl., Ex. A, Dkt. #50.

7

Company Defendants can nevertheless be held liable for assault under a negligent hiring or supervision theory is incorrect. Negligence is not a basis for holding a company liable for the intentional tort of assault. *See Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (noting higher "scope of employment" standard for vicarious liability for an intentional tort, as distinguished from negligence) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir.1987)); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 678 (S.D.N.Y. 2014) (same). Moreover, as noted *supra* § III, no factual basis for a negligence theory has been pled. *See* MOL at 10-11.

## CONCLUSION

The Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against the Company Defendants in its entirety with prejudice, and dismissing the GMVL claim against all Combs Defendants with prejudice.

Dated: May 30, 2025
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

8

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,458 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: May 30, 2025
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:   /s/ Mark Cuccaro