UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

JOHN DOE,

                Plaintiff,

    -v-

SEAN COMBS, *et al.*,

                Defendants.

24-CV-7772 (JPO)

OPINION AND ORDER

─────────────────────────────────────

J. PAUL OETKEN, District Judge:

Plaintiff John Doe brings this action against Defendants Sean Combs and related entities, asserting claims of gender-motivated violence pursuant to the New York City Victims of Gender-Motivated Violence Protection Act and aggravated sexual abuse stemming from an alleged drugging and rape orchestrated by Combs in 2021. Before the Court is Doe's motion to proceed anonymously. Because the Court determines that the public interest in open proceedings outweighs Doe's interest in anonymity, the motion is denied.

**I.    Background**[1]

Plaintiff John Doe, a former employee of "Royal Reigns Management," alleges that he came to know Defendant Sean Combs, a famous rapper and music producer, after Doe "gained access to parties associated with Combs and Bad Boy Entertainment" through Doe's "industry connections." (ECF No. 1 ("Compl.") ¶¶ 34-35.) It was at one of these parties, "in or around October 2021," when Doe alleges that Combs "and/or his agents/employees" put the drug

---

[1] In deciding a motion to proceed anonymously, "[t]he Court . . . has no basis for making any findings of fact, and takes no position with respect to the merits of the action." *Doe v. Del Rio*, 241 F.R.D. 154, 155 n.1 (S.D.N.Y. 2006). "The present motion concerns a purely procedural question, and the description of the plaintiffs' allegations in this section of the opinion is set forth as necessary background to understanding the basis for the motion before the Court." *Id.*

"GHB" into Doe's drink. (*Id.* ¶¶ 36, 41.) After consuming the spiked drink, Doe states that he "became disoriented," and next remembered "being in a bedroom" in a paralyzed state. (*Id.* ¶¶ 41-44.) Unable to "move, speak, or fight back," Doe alleges that "[m]ultiple men began to sexually assault him through sodomy and other forced acts." (*Id.* ¶ 44.) Doe saw "Combs above him, naked" during the event. (*Id.* ¶ 45.) Because of the assault, Doe "continues to attend therapy sessions to address the trauma from these experiences." (*Id.* ¶ 47.)

Doe filed his complaint on October 14, 2024, bringing it under the pseudonym "John Doe." (Compl.) Two days later, Doe filed the present motion for leave to appear anonymously (ECF No. 21), along with a supporting memorandum (ECF No. 23 ("Mem.")). Defendants opposed the motion on March 11, 2025. (ECF No. 52 ("Opp.").) Doe did not file a reply in further support of his motion.

## II.    Discussion

This case is among over a dozen civil lawsuits filed anonymously against Combs in this District, and this Court joins the nearly unanimous decisions by the other judges denying the plaintiffs' motions to proceed anonymously.[2] *See Doe v. Combs*, No. 23-CV-10628, 2024 WL 863705, at *1 (S.D.N.Y. Feb. 29, 2024); *Doe v. Combs*, No. 24-CV-8054, 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024); *Doe v. Combs*, No. 24-CV-8810, 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025); *Doe v. Combs*, No. 24-CV-7974, 2025 WL 1132305, at *1 (S.D.N.Y. Apr. 8, 2025); *Doe v. Combs*, No. 24-CV-7776, 2025 WL 1079038, at *1 (S.D.N.Y. Apr. 9, 2025); *Doe v. Combs*, No. 24-CV-7777, 2025 WL 722790, at *1 (S.D.N.Y. Mar. 6, 2025); *Doe v.*

---

[2] The only court to grant anonymity thus far was in the case of a Jane Doe plaintiff who alleged that Combs drugged and raped her when she was thirteen years old. *Doe v. Combs*, No. 24-CV-7975, 2024 WL 5220449, at *2-3 (S.D.N.Y. Dec. 26, 2024). And even in that case, which has since been voluntarily dismissed, the court stated that "it intend[ed] to revisit [the decision to grant anonymity] at a future date." *Id.* at *3.

*Combs*, No. 24-CV-7778, 2025 WL 934358, at *1 (S.D.N.Y. Mar. 27, 2025); *Doe v. Combs*, No. 24-CV-8852, 2025 WL 950685, at *1 (S.D.N.Y. Mar. 28, 2025); *Doe v. Combs*, No. 24-CV-7977, 2025 WL 1380800, at *1 (S.D.N.Y. May 13, 2025); *Doe v. Combs*, No. 24-CV-8024, 2025 WL 1397092, at *1 (S.D.N.Y. May 13, 2025); *Doe v. Combs*, No. 24-CV-7973, 2025 WL 1744928, at *1 (S.D.N.Y. June 23, 2025).

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of a complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). Because of this strong public interest in open proceedings, "pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). Thus, when a court is ruling on a motion to proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. To facilitate this balancing, the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1* identified a non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular

>  stage of the litigation, and whether any prejudice can be mitigated by the district court;
>  (7) whether the plaintiff's identity has thus far been kept confidential;
>  (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>  (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>  (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (cleaned up).

While the first and seventh *Sealed Plaintiff* factors weigh in favor of granting Doe anonymity, the other factors outweigh these considerations. The first *Sealed Plaintiff* factor—whether the case involves "highly sensitive" matters "of a personal nature"—is Doe's most compelling argument for anonymity. Doe alleges that he was drugged and subsequently sexually assaulted by "[m]ultiple men" (Compl. ¶¶ 41, 44), and "[a]llegations of sexual assault are paradigmatic examples of highly sensitive and personal claims." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (cleaned up). However, this factor alone is not dispositive. *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) ("[A]llegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym."). Otherwise, all sexual assault litigants would automatically be able to proceed anonymously regardless of the weight of public interest in transparency. And, even coupled with the seventh factor—that Doe has kept his identity confidential thus far—these considerations are not substantial enough to outweigh the eight other factors counseling against anonymity. *See Doe v. Alexander*, No. 25-CV-01631, 2025 WL 784913, at *4 (S.D.N.Y. Mar. 12, 2025) (holding that the seventh *Sealed Plaintiff* factor, even when combined with the first factor in a high-profile sexual assault case, "is not significant enough to tip the scales" (quotation marks omitted)).

The remaining *Sealed Plaintiff* factors all weigh against anonymity. Doe fails to adequately plead the second and third factors, which consider risk of physical and other harms if anonymity is denied. Doe provides a vague, conclusory allegation that "Plaintiff's identification poses a risk of both physical and mental harm," but his only evidence of possible physical retaliation is the general statement that "nearly all of the victims represented by Plaintiff's counsel's firm experienced similar threats of violence against either themselves or their loved ones." (Mem. at 5.) However, Doe does not clarify whether he or his loved ones ever received threats, and, if so, when they occurred and what they entailed. Nor does he explain how the alleged threats to his attorney's other clients would necessarily implicate his own physical safety. He thus fails to "establish with sufficient specificity the incremental injury that would result from disclosure of [his] identity." *Alexander*, 2025 WL 784913, at *3.

Doe's allegations of possible mental harm that could result from disclosing his identity are similarly lacking in specifics. He states that the public disclosure of his sexual assault "could spark more trauma" because "he would be inundated with unwanted attention from the media that would cause her [sic] extreme psychological distress." (Mem. at 6.) But Doe again fails to provide any specific details or actual diagnosis, corroboration by a mental health professional, *Alexander*, 2025 WL 784913, at *3 ("Without such corroborating evidence, this Court cannot speculate about the nature and severity of any mental injury from disclosure." (quotation marks omitted)), or distinction between this case and every other case against a public figure where, inevitably, media attention will occur, *Combs*, 2025 WL 722790, at *3 ("[T]he potential for media attention is present in every case against a public figure, but those are correspondingly the cases for which the public interest in understanding the allegations is highest.").

The fourth and fifth factors further weigh against granting Doe's motion. Doe does not allege that he was a minor when the alleged assault occurred nor that he is currently a minor, and "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Rapp*, 537 F.Supp.3d at 530 (quotation marks omitted). And Doe is not litigating against government actors, but rather is suing a private party. "In private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Id.* at 532 (quotation marks omitted).

Factor six considers the prejudice to Defendants if Doe were allowed to proceed anonymously. Doe argues that "his use of a pseudonym will not prejudice Defendants" because "Plaintiff was anonymous to Combs before, during and after the sexual assault" and anonymity will not diminish the efficacy of discovery. (Mem. at 6-7.) However, when a defendant is accused of sexual assault, he is faced with serious reputational damage while the anonymous accuser is able to "make [his] accusations from behind a cloak of anonymity." *Doe v. Gooding*, No. 20-CV-6569, 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022). This "imbalance" in the relationship between the two parties can impede the efficacy of settlement negotiations, *see id.*, and discovery, because "information about only one side may come to light as a result" and the defense may miss witnesses who would only know to come forward if they could identify the accuser, *see Combs*, 2025 WL 934358, at *5 (quotation marks omitted). The potential prejudice to Defendants thus strongly weighs against anonymity.

The eighth and ninth factors, which consider the public interest, also favor Defendants. "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Doe 1 v. Branca USA,*

*Inc.*, No. 22-CV-3806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). "Indeed, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (quotation marks omitted). Ultimately, open, non-anonymous proceedings promote transparency and more thorough fact-finding, and thus serve to bolster the public's faith in our adversarial system.

      Doe counters that denying his motion would produce a "chilling effect on future plaintiffs." (Mem. at 5.) While there may sometimes be a competing public interest in "protecting the identities of sexual assault victims" in order to prevent a chilling effect on future litigants, *Doe ex rel. Doe No. 1 v. Nygard*, 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020), Doe has not alleged any facts suggesting that this case is one in which victims are particularly hesitant to come forward, *see Alexander*, 2025 WL 784913, at *4 ("[I]t does not follow that the public has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." (quotation marks omitted)). Indeed, "a number of other alleged victims have filed lawsuits in this District against Combs in their own names," *Combs*, 2024 WL 4635309, at *4 (collecting cases), and many of the litigants who initially filed their cases under a pseudonym have since amended their complaints to include their true names, *see Doe v. Combs*, 23-CV-10628 (ECF No. 74); *Doe v. Combs*, 24-CV-8852 (ECF No. 51); *Doe v. Combs*, 24-CV-7977 (ECF No. 64); *Doe v. Combs*, 24-CV-8024 (ECF No. 71); *Doe v. Combs*, 24-CV-8054 (ECF No. 23); *Doe v. Combs*, 24-CV-8810 (ECF No. 24). Thus, the considerations of public interest on the whole weigh against anonymity.

      Finally, the tenth factor—which examines whether there are alternative mechanisms for protecting Doe's confidentiality—also counsels denying Doe's motion. For any sensitive

medical information Doe is concerned about sharing publicly, such as Doe's mental health diagnoses resulting from the assault or medical evaluations, selective redaction or a protective order provide a more surgical approach to protecting Doe's privacy than "blanket anonymity." *See Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020). Indeed, Defendants have already stated that they "are willing to enter into a stipulated confidentiality protective order" to protect "highly sensitive" material from public view. (Opp. at 19.) Given the facts Doe has alleged thus far, this more targeted approach to ensuring Doe's privacy on particularly sensitive matters is a more appropriate compromise than granting Doe complete anonymity.

After weighing the ten *Sealed Plaintiff* factors, the Court concludes that Doe has failed to establish "a substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Weinstein*, 484 F. Supp. 3d at 98 (quoting *Sealed Plaintiff*, 537 F.3d at 189). The Court thus denies Doe's motion to proceed anonymously.

### III.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed anonymously is DENIED. Plaintiff shall file an amended complaint in his name within seven days of this Order.

The Clerk of Court is directed to close the motion at Docket Number 21.

SO ORDERED.

Dated: July 8, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge