**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONSHA TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, and ORGANIZATIONAL DOES 1-10.,<br><br>Defendants. | Case No. 24-CV-7772 (JPO) |

**MEMORANDUM OF LAW IN SUPPORT OF THE COMPANY DEFENDANTS'**
**MOTION FOR RECONSIDERATION OF THEIR MOTION TO DISMISS**

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

LEGAL STANDARD................................................................................................................. 3

ARGUMENT.............................................................................................................................. 4

I. THE COURT OVERLOOKED CONTROLLING AUTHORITY HOLDING THAT CPLR § 213-c DOES NOT CREATE A CAUSE OF ACTION ....................................... 4

II. THE AMENDED COMPLAINT DOES NOT PLEAD A NEGLIGENCE CLAIM AGAINST THE COMPANY DEFENDANTS ................................................................. 6

CONCLUSION....................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................ 7

*Cavanaugh v. Northwell H., Inc.*,
  2025 WL 904314 (E.D.N.Y. Mar. 24, 2025).......................................................... 8

*Corrigan v Town of Brookhaven*,
  2023 WL 7003936 (E.D.N.Y. Oct. 24, 2023)......................................................... 8

*Delaney v. HC2, Inc.*,
  761 F. Supp. 3d 641 (S.D.N.Y. 2025) .................................................................... 8

*Doe v. Wilhelmina Models, Inc.*,
  229 A.D.3d 128 (1st Dep't 2024)....................................................................... 4, 5

*Gutierrez v. Mount Sinai Health Sys., Inc.*,
  188 A.D.3d 418 (1st Dep't 2020) ........................................................................... 4

*Hennrick v. Mir Scientific LLC*,
  2021 WL 6052118 (S.D.N.Y. Dec. 21, 2021) ....................................................... 9

*Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*,
  2021 WL 4392520 (S.D.N.Y. Sept. 24, 2021)....................................................... 3

*In re Residential Capital, LLC*,
  2014 WL 301974 (Bankr. S.D.N.Y. Jan. 27, 2014)............................................... 8

*Kalderon v. Finkelstein,*
  495 F. App'x 103 (2d Cir. 2012) ............................................................................ 9

*Marvullo v. Gruner & Jahr,*
  105 F. Supp. 2d 225 (S.D.N.Y. 2000) .................................................................... 7

*New York v. Nat'l Serv. Indust., Inc.*,
  460 F.3d 201 (2d Cir. 2006) ................................................................................... 5

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
  2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010)........................................................ 7

*S.S. v. Rockefeller University Hospital,*
  236 N.Y.S.3d 145 (1st Dep't 2025)........................................................................ 5

*Salahuddin v. Cuomo,*
  861 F.2d 40 (2d Cir. 1988) ..................................................................................... 9

*V.S. v. Muhammad,*
595 F.3d 426 (2d Cir. 2010) ...................................................................................... 5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
956 F.2d 1245 (2d Cir. 1992) ................................................................................... 3

**Rules**

CPLR § 213(c) ................................................................................................. 1, 4, 6

CPLR § 214(g) ...................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 7

Fed. R. Civ. P. 10(c) ............................................................................................. 7

S.D.N.Y. Civ. R. 6.3 ............................................................................................. 3

**Other Authorities**

Charles Wright & Arthur Miller, 5A Fed. Prac. & Proc. Civ. § 1326 (4th ed.) ............................. 7

# PRELIMINARY STATEMENT

Defendants Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Company Defendants") respectfully move for reconsideration of the Court's March 9, 2026 Opinion and Order (Dkt. #66) (the "Order") insofar as it denied the Company Defendants' motion to dismiss Plaintiff's Second Cause of Action as against the Company Defendants.

The Second Cause of Action is titled "Assault and Battery, Rape, Criminal Sexual Act, Aggravated Sexual Abuse CPLR 213-c." *See* Amended Complaint, Dkt. #63 ("AC") at 17. It alleges that "Combs and Combs Businesses engaged in ***intentional acts*** that resulted in Combs raping Plaintiff" and that "[t]he actions of Combs and Combs Businesses were ***intentional, done with malice.***" AC ¶¶ 59, 61 (emphases added). It does not purport to assert a claim for negligent hiring, retention, or supervision. Indeed, the entire Amended Complaint does not use the word "negligence" or "negligent" anywhere.

Nevertheless, the Court erroneously upheld the Second Cause of Action against the Company Defendants on the ground that Plaintiff "has stated a claim under Section 213-c," premised on implicit theories of negligent hiring, retention, and supervision. Order at 7-9. This ruling should be reversed on reconsideration because the Court overlooked controlling authority holding that CPLR § 213-c is a statute of limitations that does not create an independent cause of action. The Court further erred in holding that Plaintiff's Second Cause of Action—which was premised entirely on allegations of intentional conduct—could be fairly construed as a negligence claim. Reading an unpled negligence claim into the Amended

1

Complaint prejudices the Company Defendants, because had such a claim been plead in any intelligible form, specific briefing could have been filed targeting the claim's infirmities. The Company Defendants accordingly request a revised order dismissing the Second Cause of Action against them.

### FACTUAL AND PROCEDURAL BACKGROUND

A full recitation of the Amended Complaint's allegations and the Defendants' arguments for dismissal can be found in the underlying motion to dismiss briefing. For the sake of brevity, the below summary is limited to the issues most pertinent to this motion for reconsideration.

Plaintiff's Second Cause of Action is named "Assault and Battery, Rape, Criminal Sexual Act, Aggravated Sexual Abuse CPLR 213-c." AC at 17. It seeks to hold the Company Defendants directly liable for criminal sexual offenses under the N.Y. Penal Code allegedly committed by Mr. Combs against Plaintiff. Specifically, the Amended Complaint expressly alleges that "Combs and Combs Businesses engaged in *intentional acts* that resulted in Combs raping Plaintiff." *Id.* ¶ 59 (emphasis added). It further alleges that "[t]he actions of Combs and Combs Businesses were *intentional*, done *with malice*, and/or showed a *deliberate, willful*, wanton, and reckless indifference to Plaintiff's rights." *Id.* ¶ 61 (emphases added). The Amended Complaint does not assert any causes of action for negligence, negligent hiring, retention, or supervision against the Company Defendants.

The Company Defendants moved to dismiss the Second Cause of Action on the ground that the Amended Complaint fails to state an independently viable claim against them for the intentional torts alleged. *See* Dkt. #51 ("MTD MOL") at 12. Plaintiff opposed the motion, and the Company Defendants filed a reply. *See* Dkt. #60 ("Opp."); Dkt. #61 ("Reply").

2

The Court denied the motion to dismiss the Second Cause of Action.[1] In doing so, the Court characterized CPLR § 213-c as "permit[ting] civil claims against 'any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of' certain enumerated sexual offenses." Order at 7. The Court found that Plaintiff "appears to advance theories of negligent hiring, retention, and supervision" (*id.* at 7-8) and concluded that Plaintiff "has stated a claim under Section 213-c." (*Id.* at 9.)

## **LEGAL STANDARD**

The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*, 2021 WL 4392520, at *1 (S.D.N.Y. Sept. 24, 2021) (Oetken, J.); *see also* S.D.N.Y. Civ. R. 6.3 (recognizing and setting procedures for motions for reconsideration). Among other grounds, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Hunt Constr.*, 2021 WL 4392520 (granting motion for reconsideration based on errors of law). A movant may prevail on a motion for reconsideration if it can show "controlling decisions or data that the court overlooked." *Hunt Constr.*, 2021 WL 4392520 at *1.

---

[1] The Court granted the Company Defendants' motion on the First Cause of Action based on the Gender-Motivated Violence Protection Act ("GMVPA"), but denied Sean Combs' motion on that count. *See* Order at 5-7. The Company Defendants do not seek reconsideration of the rulings on the First Cause of Action.

**ARGUMENT**

**I.     THE COURT OVERLOOKED CONTROLLING AUTHORITY HOLDING THAT CPLR § 213-c DOES NOT CREATE A CAUSE OF ACTION**

The Court erroneously held that Plaintiff "has stated a claim under Section 213-c." Order at 9. This holding is expressly foreclosed by the First Department's decision in *Gutierrez v. Mount Sinai Health System, Inc.*, 188 A.D.3d 418 (1st Dep't 2020), which the Court did not cite or address. In *Gutierrez*, the First Department expressly held that CPLR § 213-c is a statute of limitation that does not provide a freestanding cause of action. Specifically, the court stated: "CPLR 213-c . . . extends the time of a statute of limitations; *it does not create a cause of action where none otherwise exists*." *Id.* (emphasis added). Based on this conclusion, the *Guitterez* court found that there was a live question on whether the elements of the underlying tort of assault had been pled. *See id.*

The First Department further emphasized this point in *Doe v. Wilhelmina Models, Inc.*, 229 A.D.3d 128 (1st Dep't 2024), analyzing substantially similar language in CPLR § 214-g (the Child Victims Act), which revives certain civil claims constituting criminal sexual offenses.[2]

---

[2] The relevant language in the two statutes is substantially similar.

CPLR § 213(c) states:

. . . [C]ivil claims or causes of action brought by any person. . . . for . . . injury or condition suffered [as a result of enumerated sexual offenses]. . . may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years.

CPLR § 214-g (the CVA) states:

. . . [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions . . . which would constitute [an enumerated] sexual offense . . . against a child . . . may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

Both statutes extend the statute of limitations for civil claims stemming from specified criminal conduct, but neither statute creates an independent cause of action.

The court held: "Revival, however, merely means that the statute of limitations does not bar the underlying cause of action. Revival does not establish the viability of a cause of action for CPLR 3211 (or other) purposes. ***That is a separate analysis, independent of whether a plaintiff has established sufficient predicate conduct permitting revival.***" *Id.* (emphasis added).

*Guitterez* and *Wilhelmina Models* plainly show that a plaintiff cannot rely on provisions of Article 2 of the CPLR (Limitations of Time) that set or extend a limitations period as the substantive basis for a claim. Instead, the plaintiff must independently plead a cognizable claim.

This Court is bound by *Gutierrez's* holding that CPLR § 213-c does not provide a cause of action. The Second Circuit has held that federal courts sitting in diversity must "apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010); *accord New York v. Nat'l Serv. Indust., Inc.*, 460 F.3d 201, 210-11 (2d Cir. 2006) (similar).[3] To the best of Defendants' knowledge, no contrary authority from New York's appellate courts exists.

Accordingly, the Court's construction of CPLR § 213-c as providing a substantive basis for a claim against the Company Defendants was clear error and should be corrected on reconsideration.

---

[3]     Indeed, the Court applied this very principle elsewhere in the Order. In dismissing Plaintiff's GMVPA claims against the Company Defendants, the Court followed the First Department's decision in *S.S. v. Rockefeller University Hospital*, 236 N.Y.S.3d 145 (1st Dep't 2025), holding that the GMVPA's 2022 Amendment does not apply retroactively. Order at 4-5. The Court stated: "Absent indication that the New York Court of Appeals would rule differently, the Court is bound by this ruling." *Id.* at 4-5 (citing *V.S. v. Muhammad*, 595 F.3d at 432).

**II. THE AMENDED COMPLAINT DOES NOT PLEAD A NEGLIGENCE CLAIM AGAINST THE COMPANY DEFENDANTS**

Because CPLR § 213-c does not create a cause of action, Plaintiff's Second Cause of Action must be evaluated as what it is: a claim for the intentional torts of assault and battery based on Mr. Combs' alleged rape of Plaintiff. The Amended Complaint leaves no ambiguity on this point. It alleges that "Combs and Combs Businesses engaged in ***intentional acts*** that resulted in Combs raping Plaintiff." AC ¶ 59 (emphasis added). It further alleges that "[t]he actions of Combs and Combs Businesses were ***intentional, done with malice***, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights." AC ¶ 61 (emphasis added).

The Second Cause of Action does not assert a cause of action for negligent hiring, retention, or supervision. In fact, it does not use the word "negligence" or "negligent" anywhere, nor are those terms used at all in the Amended Complaint. To the contrary, it affirmatively and repeatedly characterizes the Company Defendants' conduct as "intentional."

The Court's conclusion that Plaintiff "has stated a claim under Section 213-c" (Order at 9) thus rests on a legal impossibility: a negligence cause of action that was never pled, purportedly derived from a statute that does not create one, in a complaint in which the only remaining cause of action against the Company Defendants is exclusively premised on intentional conduct. No amount of liberal construction can transform what Plaintiff has actually pled—intentional acts, done with malice—into a cause of action that Plaintiff has not pled: a claim for negligent hiring, retention, or supervision.

To the extent that the Court inferred a negligence claim from allegations elsewhere in the Complaint, such an inference would have been in error. The only allegations that could even arguably support a claim that the Company Defendants acted with a negligent frame of mind—

6

conclusory references to "failing to properly supervise" (AC ¶ 53), "failing to [] protect Plaintiff from a known danger" (*id.* ¶ 52), and the Company Defendants' alleged knowledge of Combs's propensities (*id.* ¶¶ 51-53)—appear exclusively in the First Cause of Action, where they are pled as supporting the elements of the GMVPA's statutory "enabling" theory.

To whatever extent these GMVPA allegations could support a negligence theory, they cannot be deemed imported into the Second Cause of Action, which was entirely premised on intentional, not negligent, conduct. Under Federal Rule of Civil Procedure 10(c), incorporation by reference of preceding allegations must be sufficiently "direct and explicit" as to "enable the responding party to ascertain the nature and extent of the incorporation." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *4 (E.D.N.Y. Mar. 26, 2010) (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1326 (4TH ED.)); *see also Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 232 (S.D.N.Y. 2000) (barring insufficiently incorporated allegations from previous count to support subsequent counts). A clear and comprehensible incorporation of prior allegations is necessary to meet the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

While the Second Cause of Action contains a boilerplate incorporation of all previous paragraphs,[4] this could not and did not put the Company Defendants on notice that any allegations of "negligence" were being incorporated into an intentional tort claim that was

---

[4]    "Plaintiff realleges the above paragraphs as if fully set forth herein." AC ¶ 58.

7

necessarily inconsistent with negligence.  *See Delaney v. HC2, Inc.,* 761 F. Supp. 3d 641, 674 n.25 (S.D.N.Y. 2025) ("Conduct that is alleged to be intentional and deliberate is outside the ambit of actionable negligence, because negligence and intentional conduct are mutually exclusive."); *see also Corrigan v Town of Brookhaven*, 2023 WL 7003936, at *2 (E.D.N.Y. Oct. 24, 2023) ("allegations of intentional conduct . . . cannot form the basis of a cause of action sounding in negligence").

While pleading standards may permit a court to identify the correct legal theory when a plaintiff has mislabeled a claim, they do not permit a court to fashion an entirely new cause of action where one is not pled.  Nor are courts permitted to "to serve as a de facto counsel and rewrite an otherwise deficient pleading in order to sustain an action." *In re Residential Capital, LLC*, 2014 WL 301974, at *9 (Bankr. S.D.N.Y. Jan. 27, 2014); *see also Cavanaugh v. Northwell H., Inc.,* 2025 WL 904314, at *9 (E.D.N.Y. Mar. 24, 2025) (dismissing claim where plaintiff named a single cause of action, but argued "in her briefing" that she intended a second, unpled, cause of action based on only "glancing references" in the complaint because, *inter alia*, plaintiff was "represented, and thus not entitled to a liberal construction of her pleading"). Here, the Second Cause of Action simply does not support a negligence claim: indeed, its allegations present a theory of intentional conduct wholly irreconcilable with negligence.

The practical consequences of inventing a new negligence claim here underscore its unfairness.  The Company Defendants moved to dismiss the Second Cause of Action as an intentional tort claim—because that is what it is and that is how it is labeled.  Had Plaintiff actually pled a negligent hiring, retention, or supervision claim, the Company Defendants would have fully briefed the elements of that cause of action.  Instead, because the only reference to negligence appeared for the first time in Plaintiff's opposition brief, the Company Defendants

addressed it only in reply. And the Company Defendants' reply arguments were based on the reasonable understanding that Plaintiff was arguing that negligence was a basis to hold the Company Defendants' liable for the intentional torts of assault and battery referenced in the Second Cause of Action, not that Plaintiff was impermissibly asserting a new negligence cause of action that is entirely absent from his pleading. *See* Opp. at 8 (Plaintiff arguing that negligence is a substitute for respondeat superior liability); Reply at 8 (responding that "[n]egligence is not a basis for holding a company liable for the intentional tort of assault"). The Court should not sustain a cause of action that the Company Defendants never had a full and fair opportunity to challenge. *See Hennrick v. Mir Scientific LLC,* 2021 WL 6052118, at *4 (S.D.N.Y. Dec. 21, 2021) ("it is axiomatic that a party is not entitled to amend its complaint through statements made in motion papers").

At a minimum, if the Court believes that Plaintiff should be permitted to pursue a negligence cause of action, the appropriate course is to dismiss the intentional tort claim and permit Plaintiff to actually plead a negligence claim if he so chooses. The "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Implying a negligence claim from a count that expressly pleads intentional torts defeats this purpose—it leaves the Company Defendants, the Court, and ultimately a jury uncertain about what theory of liability is actually at issue. *See Kalderon v. Finkelstein,* 495 F. App'x 103, 105-06 (2d Cir. 2012) (lower court should have dismissed confusingly pled complaint without prejudice because "a well-pleaded complaint benefits all the parties, the district court, and an appellate court as the litigation goes forward."). Dismissal with leave to replead would allow Plaintiff to assert whatever claim Plaintiff intends to pursue with the clarity that the Federal

Rules of Civil Procedure demand, and it would afford the Company Defendants the opportunity to challenge and defend that claim directly.

**CONCLUSION**

For the foregoing reasons, the Company Defendants respectfully request that the Court grant reconsideration and dismiss Plaintiff's Second Cause of Action as against the Company Defendants.

Dated: New York, New York
      March 23, 2026

                           Respectfully submitted,

                           SHER TREMONTE LLP

                           */s/ Mark Cuccaro*
                           Mark Cuccaro
                           Michael Tremonte
                           Erica Wolff
                           Raphael A. Friedman
                           90 Broad Street, 23rd Floor
                           New York, NY 10004
                           (212) 202-2600
                           mcuccaro@shertremonte.com
                           mtremonte@shertremonte.com
                           ewolff@shertremonte.com
                           rfriedman@shertremonte.com

                           *Attorneys for the Defendants*

<u>**CERTIFICATION OF COMPLIANCE**</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,846 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: New York, New York
      March 23, 2026

                Respectfully submitted,

                SHER TREMONTE LLP

      By:    */s/ Mark Cuccaro*