**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

Donsha Tucker,

        *Plaintiff*,                            No. 1:24-cv-07772-JPO

        v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

        *Defendants*.

--------------------------------------------------------X


<u>**MEMORANDUM OF LAW IN OPPOSITION TO THE COMBS DEFENDANTS'**</u>
<u>**MOTION TO RECONSIDER**</u>


                                **CURIS LAW, PLLC**
                                Antigone Curis
                                52 Duane Street, 7th Floor
                                New York, New York 10007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

**PRELIMINARY STATEMENT** ...........................................................................................1

**FACTUAL BACKGROUND** ................................................................................................1

**STANDARD OF REVIEW** ...................................................................................................2

**ARGUMENT** .........................................................................................................................3

    **POINT I** ...........................................................................................................................3

    **A CAUSE OF ACTION EXISTS AND WAS NOT MATERIALIZED VIA PLAINTIFF'S CPLR § 213-c CLAIM** ...........................................................................................................3

    **POINT II** .........................................................................................................................5

    **CPLR § 213-c PROVIDES GROUNDS FOR CLAIMS INVOLVING INTENTIONAL OR NEGLIGENT ACTS WHICH RESULT IN SPECIFIC ENUMERATED SEXUAL OFFENSES** .5

**CONCLUSION** ......................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Guttierez v. Mount Sinai Health Sys., Inc.,*
188 A.D. 3d 418...............................................................................................................5
*Iqbal,*
  556 U.S.......................................................................................................................4
*Murray v. Ditcavich,*
  2020 WL 3318212 .....................................................................................................3
*Waterbury v. New York City Ballet, Inc.,*
  205 A.D.3d 154 (1st Dep't 2022) ..............................................................................7

**Statutes**

N.Y. Penal Law § 130.35....................................................................................................6
N.Y. Penal Law § 130.50....................................................................................................6
N.Y. Penal Law § 130.70....................................................................................................6

**Rules**

CPLR § 214-g ......................................................................................................................5
Fed. R. Civ. P. 59(e) or 60(b) .............................................................................................3
Rule 60(b) ............................................................................................................................3

**Regulations**

22 N.Y.C.R.R. §202.8b(a)(i) ...............................................................................................9
22 NYCRR § 202.8-b(c)......................................................................................................9

**Other Authorities**

*Barletta v. Superintendent, Elmira Correctional Facility,*
  2025 WL 2814725 .....................................................................................................3
Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts
  of New York.................................................................................................................3

Plaintiff Donsha Tucker ("Plaintiff"), by and through his undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants' motion to reconsider the Court's decision pursuant to § 6.3 of the U.S. Dist. Ct . Rules S.&E.D.N.Y. & CPLR 213-c. For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

Through his industry connections, Plaintiff was invited to a party hosted by Defendants Sean Combs and Bad Boy Entertainment. At that party, Plaintiff was drugged and then gang raped by Combs and others. Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to reconsider the Court's decision on two grounds. First, the Combs Defendants assert that the Court erroneously upheld Plaintiff's claim under Section 213-c, alleging that the Court overlooked controlling authority. Second, the Combs Defendants assert that the Court erred in holding that Plaintiff's Second Cause of Action could be fairly construed as a negligence claim, because it was premised entirely on allegations of intentional conduct. For all the reasons below, the Motion fails.

## FACTUAL BACKGROUND

Plaintiff was an employee for Royal Reigns Management, a prestigious company based out of New York City, with additional offices in Los Angeles and Atlanta. Through Plaintiff's industry connections, he gained access to parties affiliated with Combs as well as Bad Boy Entertainment. One such gathering took place in or around October 2021. These connections of Plaintiff's ultimately led to a life-altering and traumatic experience.

A person associated with Combs' Businesses picked Plaintiff up from the airport and transported him to New York City, where a party was to take place. Upon arrival at the party, Plaintiff noticed several

well-known artists in attendance. Plaintiff was immediately offered what he was told was ecstasy by associates of Combs', which Plaintiff refused. Rather, Plaintiff limited himself to a single drink.

Even though Plaintiff consumed only one single alcoholic beverage, the effects of the drink were immediate and overwhelming. This effect on Plaintiff mimics a pattern seen in other instances with Combs and his agents/employees drugging unsuspecting victims in order to make it easier for Combs to sexually assault those persons. Unfortunately, Plaintiff was one such victim.

As Plaintiff began to feel disoriented, the room he was in began to spin. In a state of confusion, Plaintiff attempted to remove himself from the location. As Plaintiff attempted to flee, a male voice told him to "hold on," and he promised to help Plaintiff.

The next thing Plaintiff recalls was being in a bedroom. Despite being vaguely aware of his surroundings, Plaintiff was unable to move, speak, or fight back and resist any type of attack. Plaintiff was paralyzed, trapped inside his own body. Multiple men began to sexually assault Plaintiff, through sodomy and otherwise. Plaintiff distinctly recalls seeing Combs above him, naked, at one point during the brutal assault. During this time, Plaintiff was sodomized by at least three men. Plaintiff could feel a difference in size of the men when he was being sodomized, further confirmed the presence of multiple attackers.

Plaintiff was significantly traumatized by the assault, and continues to attend therapy sessions to address that trauma.

### STANDARD OF REVIEW

Motions to reconsider pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "are held to a strict standard." *Barletta v. Superintendent, Elmira Correctional Facility*, 2025 WL 2814725 at *1. "To that end, reconsideration of a previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Id.* "A motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Id.*

"Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided." *Murray v. Ditcavich*, 2020 WL 3318212 at *1. "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

## ARGUMENT

Defendants' motion should be denied because they failed to make a prima facie showing of entitlement to reconsideration as a matter of law. First, Defendant's arguments that the Plaintiff has not properly asserted a claim for negligent hiring, retention, or supervision fail because Tucker pleaded enough facts for the Court to make a reasonable determination of liability. Second, Defendant's argument that the Court erroneously upheld Plaintiff's claim under Section 213-c, alleging that the Court overlooked controlling authority, fails because a cause of action exists and was not created by the assertion of the statute.

In light of the foregoing, Plaintiff requests the Court deny Defendant's motion for reconsideration in its entirety.

## POINT I
## A CAUSE OF ACTION EXISTS AND WAS NOT CREATED
## VIA PLAINTIFF'S CPLR § 213-c CLAIM

Defendant's argument that the Court erred in holding that Plaintiff stated a claim under CPLR § 213-c fails because, as this Court stated:

"[A]ll Tucker must do is plead enough facts to 'allow[] the court to draw

the reasonable inference that the defendant[s] [are] liable for the misconduct

alleged.' *Iqbal*, 556 U.S. at 663. He has done so. Tucker states that the

October 2021 party was 'associated with Combs and Bad Boy

3

Entertainment.' (FAC ¶ 35.) The Company Defendants picked up Tucker at the airport and transported him to the party, where he was offered ecstasy 'by associates of Combs Businesses.' (Id. ¶¶ 38-39.) Tucker also alleges that Combs's agents or employees were responsible for spiking his beverage. (Id. ¶ 41.) In addition, Tucker points to a litany of individuals who have sued Combs for physical and sexual abuse, which often took place at events and locations affiliated with Combs's companies and with the assistance of Combs's business associates. (Id. ¶¶ 10-20.) Drawing all reasonable inferences in Tucker's favor, the Court concludes that these allegations are sufficient to support Tucker's claim that the Company Defendants were aware of Combs's dangerous propensities, failed to act on that knowledge, and in fact facilitated Combs's abuse of Tucker and others."

Opinion & Order (J. Paul Oetken) p. 8: ¶ 1.

Defendants focus on one specific sentence within *Guttierez v. Mount Sinai Health Sys., Inc.,* that they claim supports their lackluster argument, which provides that CPLR § 213-c "cannot create a cause of action where none otherwise exists." 188 A.D. 3d 418. However, if they had read the Court's decision, they would know that it is apparent that Plaintiff has asserted a cause of action, backed by a lengthy assertion of facts regarding the sexual assault elaborating how they personally experienced them, where they experienced them, and how they experienced them. CPLR § 213-c did not assist in the *creation* of these causes of action but rather acted as the *vehicle* for asserting these claims, as it is intended to do.

Defendants argue further, using language from CPLR § 214-g, to support their erroneous claims surrounding CPLR § 213-c being unable to create an independent cause of action. Both the Plaintiff and this Court are fully aware of that fact. That fact changes no part of the legitimate cause of action that was

4

brought by the Plaintiff, and which was recognized by this court in its decision. Accordingly, Defendant's motion for reconsideration must be denied in its entirety.

## POINT II
## CPLR § 213-c PROVIDES GROUNDS FOR CLAIMS INVOLVING INTENTIONAL OR NEGLIGENT ACTS WHICH RESULT IN SPECIFIC ENUMERATED SEXUAL OFFENSES

Defendant's remaining argument that Plaintiff's Second Cause of Action does not assert a cause of action for negligent hiring, retention, or supervision fails as well. Defendants argue that the exact terms "negligent" or "negligence" are not present in any of Plaintiff's cause of action. They also argue that because the Defendant's actions are repeatedly characterized as "intentional," this further emboldens their argument that a negligence claim does not exist. However, Plaintiff and this Court are aware of that as well. The claims brought were under the GMVPA, as well as an intentional tort concerning the violent rape that Tucker experienced at the hands of Mr. Combs.

This Court highlights in its decision that:

"Tucker brings claims against Defendants for rape, criminal sexual acts, and aggravated sexual abuse under Section 213-c of the NYCPLR, which permits civil claims against 'any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of" certain enumerated sexual offenses. NYCPLR § 213-c. (Id. ¶ 59.) Specifically, Tucker predicates his Section 213-c claims on rape in the first degree as defined in N.Y. Penal Law § 130.35, a criminal sexual act in the first degree as defined in N.Y. Penal Law § 130.50, and aggravated sexual abuse in the first degree as defined in N.Y. Penal Law § 130.70. (Id.) Tucker appears to advance theories of negligent hiring, retention, and supervision, and alleges that the Company Defendants 'created the conditions by which Combs

could pursue his tortious conduct' in myriad ways. (Opp. at 7-8.) The Company

Defendants argue, in turn, that Tucker's allegations are insufficient to state a claim

against them. (See, e.g., Reply at 11-12.) 'A cause of action for negligent hiring

and retention requires allegations that an employer knew of its employee's harmful

propensities, that it failed to take necessary action, and that this failure [2] caused

damage to others.' *Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154, 160

(1st Dep't 2022)."

[2] Defendants do not seek dismissal of Tucker's Section 213-c claims as to Sean

Combs. (See Mem. at 7, 17.) Accordingly, the Court limits its discussion to

Tucker's Section 213-c claims against the Company Defendants.

Opinion & Order (J. Paul Oetken) p. 7-8, Section B: ¶ 1-2.

Defendants' attempts at disproving an alleged negligence claim are without merit because

a negligence claim was not brought. As cited by this Court in the above block quote, civil claims

may be brought under CPLR § 213-c where a party's intentional or negligent acts assisted in the

commission of certain sexual crimes. The Plaintiff did just that. Tucker made a clear factual argument as to

the ways that Combs and the Company Defendant hired staff who ultimately assisted Mr. Combs with

achieving his goals of drugging and violently raping their paralyzed bodies. These facts create a factual

basis for Company Defendant's negligence in its hiring, retention, and supervision of its employees, which

ultimately led to the violent rape of the Plaintiff, and which satisfies the elements of this intentional tort

claim under CPLR § 213-c.

Additionally, as this Court stated in the above block quote, Defendants do not seek dismissal of

Tucker's Section 213-c claims as to Sean Combs. However, Combs is the owner of the Company

Defendants in this case, and it is reasonable to say that he himself had a hand in the hiring of the individuals

working for and under these Company Defendants. Therefore, only holding issue with the Company

Defendant's association with these claims of intentional acts, and the negligence that ultimately allowed the furtherance and the facilitation of these acts to occur, but not with Mr. Combs himself, is telling to say the least. Accordingly, Defendant's motion for reconsideration must be denied in its entirety.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the reconsideration motion by Defendant, Sean Combs, and Company Co-Defendants be denied, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
     April 6, 2026

CURIS LAW, PLLC

By: /s/ *Antigone Curis*
       Antigone Curis
       52 Duane Street, 7th Floor
       New York, New York 10007
       (646)335-7220
       *Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO 22 NYCRR § 202.8-b(c)**


The undersigned hereby certifies that the foregoing Memorandum of Law is in compliance with the word count limit pursuant to 22 N.Y.C.R.R. §202.8b(a)(i)/(ii). The total number of words in the foregoing Memorandum of law exclusive of the caption, signature block, and any table of contents or table of authorities, pursuant to 22 N.Y.C.R.R. §202.8-b(b) is 2013.


Dated: New York, New York
      April 6, 2026


              CURIS LAW, PLLC


By: /s/ *Antigone Curis*
              Antigone Curis
              52 Duane Street, 7th Floor
              New York, New York 10007
              (646)335-7220
              *Attorneys for Plaintiff*