**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DONSHA TUCKER,

        Plaintiff,

v.

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT HOLDINGS,
INC., BAD BOY PRODUCTIONS HOLDINGS,
INC., BAD BOY BOOKS HOLDINGS, INC., BAD
BOY RECORDS LLC, BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, and ORGANIZATIONAL
DOES 1-10.,

        Defendants.

Case No.: 24-CV-7772 (JPO)

**REPLY BRIEF IN FURTHER SUPPORT OF COMPANY DEFENDANTS' MOTION**
**FOR RECONSIDERATION**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................................................ii

CONCLUSION.................................................................................................................................. 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric, Ctr.*, 652 F.3d 277 (2d Cir. 2011) ...................................................................... 2

*Busch v. Cnty. of Erie*, 2022 WL 1460022 (W.D.N.Y. May 9, 2022) ........................................................... 2

*Cavanaugh v. Northwell H., Inc.*, 2025 WL 904314, at 9* (E.D.N.Y. Mar. 24, 2025) .................................................. 3

*Doe v. Wilhelmina Models, Inc.*, 229 A.D.3d 128 (1st Dep't 2024) ............................................................ 2

*Gutierrez v. Mount Sinai Health Sys., Inc.*, 188 A.D.3d 418 (1st Dep't 2020) ........................................................ 1, 2

*Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, No. 23-CV-07212 (LJL), 2024 WL 3876486 (S.D.N.Y. Aug. 20, 2024)............................. 2, 3

*Kalderon v. Finkelstein*, 495 F. App'x 103 (2d Cir. 2012) ..................................................................... 3

*Purgess v. Sharrock*, 33 F.3d 134 (2d Cir. 1994) ......................................................................... 2

*Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) ......................................................................... 3

**Rules**

CPLR § 213(c) .......................................................................................... 1, 2

Plaintiff's[1] opposition (Dkt. #71, "Opposition" or "Opp") confirms rather than refutes the errors identified in the Company Defendants' opening brief. Plaintiff concedes that CPLR § 213-c does not create a cause of action. *See* Opp. at 4 ("Plaintiff . . . [is] fully aware of that fact."). Plaintiff also freely concedes that he has not pled a common law negligence claim. *See* Opp. at 6 ("a negligence claim was not brought."). Thus, Plaintiff confirms that there is no basis for the Order's holding that the Amended Complaint states a claim based on a negligence theory: Plaintiff expressly admits that neither a statutory nor a common law basis for such a claim was pled.

Plaintiff does not attempt to dispute that CPLR § 213-c "does not create a cause of action where none otherwise exists." *Gutierrez v. Mount Sinai Health Sys., Inc.*, 188 A.D.3d 418 (1st Dep't 2020). To the contrary, Plaintiff admits: "Both the Plaintiff and this Court are fully aware of that fact." Opp. at 4. Having made this admission, Plaintiff then attempts to draw a meaningless distinction: "CPLR § 213-c did not assist in the *creation* of these causes of action but rather acted as the *vehicle* for asserting these claims, as it is intended to do." *Id*. (emphasis in original). But using CPLR § 213-c as the "vehicle" for imposing liability on the Company Defendants is no different from treating the statute as creating a cause of action against them. Whether one says the statute "*creates*" the claim or merely operates as a "*vehicle*" for it, the end result is the same: liability is imposed through the statute rather than through an independent cause of action. This is an impermissible application of CPLR § 213(c), which does nothing more than provide a statute of limitations for independent claims that meet its requirements. *See*

---

[1]      Abbreviations defined in the Company Defendants' opening brief (Dkt. #70, "Opening Br.") are used again herein.

*Gutierrez*, 188 A.D.3d at 418; *Doe v. Wilhelmina Models, Inc*. 229 A.D.3d 128 (1st Dep't 2024) (analogous holding on CPLR § 214-g).  That independent claim is missing here.

It cannot be said that the Amended Complaint contains an implicit negligence claim against the Company Defendants that supplies the required independent cause of action.  Plaintiff himself admits: "a negligence claim was not brought."  Opp. at 6.  The Company Defendants agree, because the Second Cause of Action is plainly directed at intentional, not negligent, conduct.  *See* Opp. Br. § II.  Because Plaintiff concedes that he has not stated a common law negligence claim, and cannot bring a (non-existent) negligence-based claim under CPLR § 213-c, the Court had no basis to hold that any claim has been stated against the Company Defendants. *See* Order at 7-8 (upholding claim against Company Defendants on purported negligence theory).  Plaintiff can and should be taken at his word that no negligence claim has been stated. *See Busch v. Cnty. of Erie*, 2022 WL 1460022, at *7 (W.D.N.Y. May 9, 2022) (dismissing negligence claim on the pleadings because plaintiff stated in opposition brief that "he did not assert a negligence claim sounding in respondeat superior" and "is bound by his concession.") (citing *Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr*., 652 F.3d 277, 289 (2d Cir. 2011) ("[A]ll litigants are 'bound by the concessions of freely retained counsel.'")); *cf. Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact.").

As the Company Defendants noted in their opening brief, if the Court believes that the factual allegations could support a hypothetical negligence claim, the appropriate course is to dismiss the Second Cause of Action as against the Company Defendants and permit Plaintiff to replead—not to sustain a cause of action that was (now admittedly) never asserted.  *See, e.g., Insured Advoc. Grp., LLC v. Spartan Servs. Corp.,* No. 23-CV-07212 (LJL), 2024 WL 3876486,

2

at *1 (S.D.N.Y. Aug. 20, 2024) (dismissing improperly designated accounting claim without prejudice to repleading as breach of contract claim because the "Court declines to rewrite Plaintiff's complaint for it."); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial").[2]

## CONCLUSION

For the foregoing reasons, and those included in the Company Defendants' opening brief, the Company Defendants respectfully request that the reconsideration motion be granted and that the Court dismiss Plaintiff's Second Cause of Action as against the Company Defendants.

Dated: New York, New York
April 13, 2026

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for the Company Defendants*

---

[2] In considering Plaintiff's contention that there are supposedly "enough facts" sprinkled throughout the Complaint "for the Court to make a reasonable determination of liability," (Opp. at 3), it is also worth noting that Plaintiff is represented by counsel, not proceeding pro se. *See Kalderon v. Finkelstein*, 495 F. App'x 103, 105-06 (2d Cir. 2012) ("the underlying rationale for [liberal construction] has significantly less force when a party is represented by counsel"). The Court's task is to evaluate the claims as pled, not to sift through an intentional tort claim and infer an unpled negligence claim that counsel deliberately chose not to articulate. *See Cavanaugh v. Northwell H., Inc.*, 2025 WL 904314, at 9* (E.D.N.Y. Mar. 24, 2025) ("Courts will not rewrite complaints for represented plaintiffs."). If Plaintiff's counsel intended to assert a negligence claim, counsel was obligated to plead one. *See Spartan Servs. Corp,* 2024 WL 3876486, at *1.

3

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing reply memorandum of law complies with the 1,750-word limit set forth in Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 917 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: New York, New York
      April 13, 2026

                    Respectfully submitted,

                    SHER TREMONTE LLP

                    By:    */s/ Mark Cuccaro*

4