UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONSHA TUCKER,

Plaintiff,

-v-

SEAN COMBS, *et al.*,

Defendants.

24-CV-7772 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Donsha Tucker brings this action against Defendant Sean Combs ("Combs") and Defendants Daddy's House Recordings Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions LLC, Organizational Does 1-10 (the "Company Defendants"), asserting claims for relief relating to an alleged drugging and rape of Tucker in 2021. (*See generally* ECF No. 63 ("FAC").) Now before the Court is the Company Defendants' motion for reconsideration of the Court's March 9, 2026 opinion and order. (ECF Nos. 66, 69.) For the reasons that follow, Defendants' motion for reconsideration is granted.

I.    **Factual and Procedural Background**

The Court assumes familiarity with the factual and procedural background of this case as set forth in its March 9, 2026 opinion and order, and recites that background only insofar as it is relevant to the pending motion. (*See generally* ECF No. 66.)

This case stems from an alleged drugging and rape of Tucker at a party organized by Combs in October 2021. (*Id.* ¶ 36.) Tucker alleges that the Company Defendants arranged for him to be picked up from the airport and transported to the party, where he consumed one alcoholic drink. (*Id.* ¶¶ 38-40.) Shortly after consuming the drink, Tucker became disoriented.

1

(*Id.* ¶¶ 41-42.)  The next thing Tucker remembers is being in a bedroom—unable to move, speak, or otherwise react—while multiple men sexually assaulted him through sodomy and other forced acts.  (*Id.* ¶ 44.)  One of those men was Sean Combs.  (*Id.* ¶ 45.)

Tucker filed suit against Defendants on October 14, 2024.  (ECF No. 1.)  On March 11, 2025, Defendants filed a motion to partially dismiss Tucker's complaint (ECF No. 49), which was fully briefed on May 30, 2025 (ECF Nos. 60, 61).  On March 9, 2026, the Court issued its opinion and order, which dismissed Tucker's claim under the New York City Victims of Gender-Motivated Violence Protection Act ("GMVPA") against the Company Defendants, but sustained Tucker's remaining claims.  (ECF No. 66.)  Subsequently, on March 23, 2026, the Company Defendants moved for reconsideration of the Court's opinion, with an accompanying memorandum of law.  (ECF No. 69.)  Tucker filed his opposition on April 6, 2026 (ECF No. 71), and the Company Defendants filed their reply on April 13, 2026 (ECF No. 72).

## II.    Legal Standard

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b).  Fed. R. Civ. P. 60(b).  Rule 60(b) provides that "the court may relieve a party . . . from a[n] . . . order" for six reasons, including mistake, inadvertence, surprise, or excusable neglect.  *Id.*  The Second Circuit has repeatedly cautioned that it is difficult to prevail on a motion for reconsideration, *see, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict."), and such motions are generally denied unless the moving party can point to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Cioce v. City of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (summary order) (quotation marks omitted).  To prevail on a motion for reconsideration, the movant must bring evidence of (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to

correct clear error or protect manifest injustice.  *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, No. 17-CV-2575, 2020 WL 1643892, at *1 (S.D.N.Y. Apr. 2, 2020).

**III.    Discussion**

In his First Amended Complaint ("Amended Complaint"), Tucker asserts in his second cause of action claims of "[a]ssault and [b]attery, [r]ape, [c]riminal [s]exual [a]ct, [and] [a]ggravated [s]exual [a]buse [pursuant to] CPLR 213-c."  (FAC at 17.)  At the motion-to-dismiss stage, however, Tucker briefed his second cause of action as asserting claims of negligent hiring, retention, and supervision (*see* ECF No. 60 at 7), while Defendants briefed it as claims of assault and battery (*see* ECF No. 61 at 11).  The Court, deferring to Tucker's interpretation of his second cause of action, concluded in its opinion that Tucker had sufficiently alleged claims for negligent hiring, retention, and supervision, and accordingly denied Defendants' motion to dismiss those claims.  (ECF No. 66 at 7-8.)

The Company Defendants are correct, however, that Tucker's Amended Complaint cannot be read as pressing claims of negligence, which meaningfully appear only in Tucker's opposition to Defendants' motion to dismiss.  (*Compare* ECF No. 60 at 7, *with* FAC ¶ 59.) Additionally, in his response to the Company Defendants' motion for reconsideration, Tucker concedes that "a negligence claim was not brought."  (ECF No. 71 at 9.)  The core question is therefore how to construe Tucker's second cause of action.  As the Company Defendants point out, though Section 213-c "extends the time of a statute of limitations[,] it does not create a cause of action where none otherwise exists."  *Gutierrez v. Mount Sinai Health Sys., Inc.*, 188 A.D.3d 418, 418 (1st Dep't 2020).  The Court therefore agrees with the Company Defendants that Tucker's second cause of action is best understood as asserting claims for the intentional torts of assault and battery.  (ECF No. 70 at 10; *see also* FAC ¶ 59 (alleging that "Combs Businesses engaged in intentional acts that resulted in Combs raping Plaintiff"); ECF No. 71 at 8 (stating

that Tucker brought "an intentional tort concerning the violent rape that Tucker experienced at the hands of Mr. Combs").)

"Under New York law, an 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact.  A 'battery' is an intentional wrongful physical contact with another person without consent."  *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (cleaned up).  "To establish a prima facie claim of assault under New York law, a plaintiff must prove physical conduct placing the plaintiff in imminent apprehension of harmful contact; to establish a prima facie claim of battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent."  *Doe v. Jackson*, No. 23-CV-04910, 2025 WL 753949, at *6 (S.D.N.Y. Mar. 10, 2025) (quotation marks omitted).

Tucker has not pleaded facts sufficient to support claims of assault and battery by the Company Defendants.  Tucker alleges that the October 2021 party was "associated with Combs and Bad Boy Entertainment."  (FAC ¶ 35.)  Tucker further alleges that the Company Defendants picked him up at the airport, transported him to the party, offered him ecstasy, and spiked his beverage.  (*Id.* ¶¶ 38-41)  These allegations, however disturbing, do not establish that the Company Defendants, through their physical conduct, put Tucker "in fear of imminent harmful or offensive contact" or that they otherwise made offensive bodily contact directly with Tucker, as is required to allege assault and battery.  *Girden*, 262 F.3d at 203.  Nor do these allegations suggest that the Company Defendants acted with the requisite tortious intent.  As New York courts have cautioned, "mere knowledge and appreciation of a risk is not the same as the intent to cause injury."  *Acevedo v. Consol. Edison Co. of New York, Inc.*, 189 A.D.2d 497, 501 (1st Dep't 1993).  Thus, even assuming that the Company Defendants could somehow be held liable

4

under a theory of intentional tort for Tucker's alleged rape, Tucker's allegations do not suggest that the Company Defendants acted "with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." *Id.*

Accordingly, Tucker's assault and battery claims are dismissed for failure to state a claim.[1]

## IV.    Conclusion

For the foregoing reasons, the Company Defendants' motion for reconsideration is GRANTED.  Upon reconsideration, the Company Defendants' motion to dismiss Tucker's second cause of action is GRANTED, and the second cause of action—which asserts claims for the intentional torts of assault and battery—is DISMISSED with prejudice.

Within 21 days of the date of this order, the parties shall file a proposed case management plan in compliance with this Court's Individual Rules in Civil Cases.

The Clerk of Court is directed to close the motion at Docket Number 69.

SO ORDERED.

Dated: August 10, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Tucker does not appear to assert a claim of vicarious liability against the Company Defendants in his Amended Complaint, but even if he were to do so, such a claim would fail as a matter of law. "[I]t is well-settled in the Second Circuit that employers are not liable to plaintiffs for sexual assaults under a theory of respondeat superior since sexual misconduct is necessarily outside the scope of employment." *Doe v. New York City Dep't of Educ.*, No. 21-CV-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023); *see also Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) ("No decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault.").